# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JOHNNY BLANKENSHIP, an individual,

Plaintiff,

v.

REAL TIME RESOLUTIONS INC., a Texas corporation, ZBS Law LLC, a California limited liability partnership and DOES 1-50 INCLUSIVE,

Defendants.

Case No. 26-cv-3500-GPC-BJW

**ORDER REMANDING ACTION TO STATE COURT**

Plaintiff filed this case in state court to challenge allegedly wrongful foreclosure proceedings on his home. ECF No. 1-2, at 4–13. Defendant Real Time Resolutions Inc. ("RTR") removed the case to this Court on diversity grounds. ECF No. 1. On June 23, the Court asked RTR to show cause as to why this case should not be remanded for lack of jurisdiction. ECF No. 3. RTR has now responded to the order to show cause, and Plaintiff has replied. ECF Nos. 4, 5. The Court now REMANDS the case for lack of jurisdiction.

## BACKGROUND

On April 28, 2026, Plaintiff Johnny Blankenship filed a complaint in state court against Defendants Real Time Resolutions, Inc. ("RTR") and ZBS Law LLP ("ZBS"). ECF No. 1-2, at 4. The complaint alleges that Defendants are engaging in wrongful foreclosure

1

activities concerning Plaintiff's home. *Id.* at 4-13. RTR is a corporation formed under Texas law with its headquarters in Dallas. ECF No. 1, ¶ 4. ZBS is a California-based law firm. *Id.*

On May 8, 2026, ZBS filed a declaration of nonmonetary status pursuant to California Civil Code § 2924l. ECF No. 1, ¶ 4. Plaintiff did not object to the declaration within fifteen days. *Id.*

On June 11, 2026, RTR removed this action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. *Id.* RTR argued that Defendant ZBS's citizenship may be ignored for diversity purposes because ZBS filed an unopposed declaration of nonmonetary status and is therefore a nominal party. *Id.* Defendant RTR has also filed a motion to dismiss in this Court. ECF No. 2.

On June 23, this Court issued an Order to Show Cause ("OSC") requiring RTR to demonstrate why the court should not remand the case for lack of jurisdiction. ECF No. 3. RTR has responded to the OSC, ECF No. 4, and Plaintiff has replied, ECF No. 5.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution or a statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Sublett v. NDEX W., LLC*, No. 11-CV-185-L-WMC, 2011 WL 663745, at *1 (S.D. Cal. Feb. 14, 2011) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).

Given the "strong presumption against removal jurisdiction," "the defendant always has the burden of establishing that removal is proper." *Gaus,* 980 F.2d at 566. Further, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

## DISCUSSION

Defendant RTR argues that, because Defendant ZBS filed an unopposed declaration

of nonmonetary status at the state court level, ZBS is a nominal defendant in this litigation whose citizenship should not be considered for diversity purposes. RTR further argues that the allegations of the complaint demonstrate that (1) ZBS "has nothing at stake in this litigation," ECF No. 3, at 2; (2) Plaintiff's allegations against ZBS arise from ZBS' role as trustee, indicating that ZBS was joined solely as a nominal defendant, *id.* at 3; and (3) ZBS's conduct as a trustee is privileged, *id.* at 3. RTR's arguments rely on the general propositions that "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder," *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002), and that "[t]he paradigmatic nominal defendant is a trustee, agent of depositary . . . [who is] joined purely as a means of facilitating collection." *S.E.C. v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998).

Plaintiff opposes RTR's reasoning, arguing that an effective declaration of nonmonetary status does not automatically transform a foreclosure trustee into a nominal party for the purposes of federal diversity jurisdiction. ECF No. 5, at 4-5. Plaintiff notes that nonmonetary status does not dismiss a trustee from litigation and that a party with nonmonetary status (1) remains bound by a judgment entered in the case and (2) can lose nonmonetary status. ECF No. 5, at 4.

## I.     Split in Authority

The parties' disagreement reflects a split in legal authority regarding the impact of an unopposed declaration of nonmonetary status.

RTR's school of thought is articulated in *Forbes v. Wells Fargo Bank, National Association*. 697 F. Supp. 3d 948 (N.D. Cal. 2023). In *Forbes*, defendant Wells Fargo removed the action to federal court based on diversity jurisdiction after the non-diverse trustee—Trustee Corps—filed an unopposed declaration of nonmonetary status. *Id.* at 950. The plaintiff then moved to remand, which the Court denied. *Id.*

The *Forbes* court began by explaining that in state court, a party may file a

26-cv-3500-GPC-BJW

declaration of nonmonetary status when it "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee." *Id.* at 950 (quoting Cal. Civ. Code § 2924l(a)). If the plaintiff does not oppose the declaration within fifteen days, the party takes on nonmonetary status, meaning that it "is not required to participate in the litigation any further, is not subject to monetary damages, and is only required to respond to discovery as a nonparty. It will merely be bound by any order relating to the subject deed of trust." *Id.* (citing Cal. Civ. Code § 2924l(d)). The court then determined that, as a result of the state court process, the party in question "bec[omes] a nominal party. And nominal parties are not considered for diversity jurisdiction purposes." *Id.* (citing *Prudential Real Estate Affiliates, Inc.* v. *PPR Realty Inc.*, 204 F.3d 867, 873 (9th Cir. 2000)).

The *Forbes* court reasoned that, by failing to oppose the declaration of nonmonetary status, it was as though plaintiff himself had designated the trustee as a nominal party from the outset of the litigation. *Id.* Thus, the court determined that it was "required" to ignore the trustee's residency for the purposes of assessing diversity jurisdiction. *Id.* The court subsequently denied Plaintiff's motion to remand. *Id.* at 951.

Several district courts have adopted this same reasoning when considering a non-diverse party's unopposed declaration of nonmonetary status. *See, e.g.*, *Guardia v. Wells Fargo Bank, N.A.,* No. 2:25-CV-10906-MCS-AS, 2026 WL 712817, at *1 n.1 (C.D. Cal. Jan. 21, 2026); *Silva v. Wells Fargo Bank NA*, No. CV 11-3200 GAF JCGX, 2011 WL 2437514 (C.D. Cal. June 16, 2011) (collecting cases); *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG CAB, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011).

The other school of thought is reflected in the reasoning of *Sublett v. NDEX West, LLC*, No. 11-cv-185-L-WMC, 2011 WL 663745 (S. D. Cal. Feb. 14, 2011). In *Sublett*, a defendant removed the case to federal court based on diversity jurisdiction. *Id.* at *1. The removing defendant did not address the citizenship of one defendant—NDEX West, LLC—and instead argued that NDEX's citizenship was irrelevant because NDEX had filed a declaration of nonmonetary status in state court. *Id.* at *2. The *Sublett* court remanded

the case, noting that "[a] defendant's declaration of nonmonetary status, which excuses a party from active participation in the case, is not conclusive. A timely objection, or even facts which arise during discovery, are allowed to show the defendant was not entitled to nonmonetary status." *Id.* (citations omitted).

Unlike here, the plaintiff in *Sublett* objected to NDEX's declaration of nonmonetary status. *Id.* However, the *Sublett* court continued that, "even if a defendant's nonmonetary status declaration remains unchallenged for the duration of the action, the defendant is bound by the nonmonetary terms of the judgment." *Id.* (citing § 2924l(b)). The court subsequently rejected defendant's argument that NDEX's citizenship was irrelevant to the determination of diversity for purposes of removal jurisdiction. *Id.* Several courts have adopted *Sublett*'s reasoning in finding that the residency of non-diverse parties with nonmonetary status at the state court level should be considered for the purposes of federal diversity jurisdiction. *Hershcu v. Wells Fargo Bank, N.A.*, No. 12-CV-00096-BEN-BLM, 2012 WL 439698, at *2 (S.D. Cal. Feb. 10, 2012); *Midgette v. Wells Fargo Bank, N.A.*, No. CV-17-1526-FMO-PJW, 2017 WL 1380399, at *2 n.2 (C.D. Cal. Apr. 10, 2017) (recognizing a split in authority on the issue and finding *Sublett*'s reasoning more persuasive); *Horner v. Bank of New York Mellon*, No. SACV171489DOCDFMX, 2017 WL 5311002, at *2 (C.D. Cal. Nov. 13, 2017) (collecting cases); *Taasan v. JPMorgan Chase Bank, N.A.*, No. 218CV00698WBSEFB, 2018 WL 4027016 (E.D. Cal. Aug. 21, 2018).

Courts have also been reluctant to treat a party with nonmonetary status at the state court level as a nominal party when the allegations in the complaint indicate that the plaintiff seeks to hold the party liable for wrongdoing. *See Taasan*, 2018 WL 4027016 at *3-*4; *Nieto v. Caliber Home Loans, Inc.*, No. 22-CV-00422-TLN-JDP, 2022 WL 4134825, at *2 (E.D. Cal. Aug. 10, 2022) ("[I]t appears that plaintiff seeks to hold MTC liable for engaging in wrongful conduct and, consequently, that MTC is not a nominal party.").

## II.     The Court Adopts the Reasoning in *Sublett*

The Court's analysis is guided by the "strong presumption" against removal jurisdiction which requires remand "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The Court further notes that Congress has historically restricted removal jurisdiction to "reliev[e] the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 76 (1941) (internal quotation marks and citation omitted).

With the presumption against removal in mind, the Court joins several others in finding that an unopposed declaration of nonmonetary status is not sufficient to deem a trustee a nominal party for the purposes of federal diversity jurisdiction. *Sublett*, 2011 WL 663745, at *2; *Hershcu*, 2012 WL 439698, at *2; *Midgette*, 2017 WL 1380399, at *2; *Horner*, 2017 WL 5311002, at *2; *Taasan*, 2018 WL 4027016, at *3; *Nieto v. Caliber Home Loans, Inc.*, No. 22-CV-00422-TLN-JDP, 2022 WL 4134832, at *1 (E.D. Cal. Aug. 23, 2022), *report and recommendation adopted*, No. 22-CV-00422-TLN-JDP, 2022 WL 4388436 (E.D. Cal. Sept. 22, 2022). Holding otherwise would be inappropriate where "a plaintiff may overcome a defendant's nonmonetary status through facts exposed in discovery, or at the minimum, bind that defendant to the judgment[.]" *Horner*, 2017 WL 5311002, at *2.

Further, Plaintiff alleged in his complaint that "Defendants recorded and maintained the [Notice of Default] based on incomplete and unreliable information and intend to proceed with foreclosure despite known statutory violations and evidentiary deficiencies." ECF No. 1-2, at 8. Thus, per the complaint, ZBS "appears not to be a nominal party because [P]laintiff seeks to hold it liable for wrongful conduct." *Nieto*, 2022 WL 4134832, at *1. To the extent that such allegedly wrongful conduct may be privileged under California Civil Code § 2924(d), such an argument is a merits defense not appropriately considered

26-cv-3500-GPC-BJW

when assessing subject matter jurisdiction. *See*, *e.g.*, *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.").

Defendants argue that their reasoning—that articulated in *Forbes*—has been "tacitly endorsed by the Ninth Circuit in an unpublished decision affirming a district court's denial of a plaintiff's motion for remand." ECF No. 4, at 4 (citing *Khan v. Specialized Loan Servicing LLC*, No. 20-16781, 2021 WL 3771823 (9th Cir. Aug. 25, 2021)). However, the Court notes that in *Khan*, the plaintiff did not raise the split in authority to the court's attention at either the trial or appellate level. *See generally* Motion to Remand, *Khan v. Specialized Loan Servicing LLC*, Case No. 20-CV-03608-LHK, Dkt. No. 12 (June 12, 2020); Appellee's Answering Brief, *Khan v. Specialized Loan Servicing LLC*, Case No. 20-16781, 2021 WL 218421 (January 12, 2021) (noting that Plaintiff did not appear to appeal the denial of his motion to remand). Further, at least one district court has continued to adopt the reasoning in *Sublett* even after the Ninth Circuit's unpublished order affirming the *Khan* decision. *Nieto*, 2022 WL 4134832, at *1.

In sum, because (1) Plaintiff may overcome ZBS's nonmonetary status through discovery; (2) ZBS will be bound by the nonmonetary terms of the judgment; and (3) Plaintiff alleges wrongdoing against ZBS, the Court finds that ZBS is not a nominal party whose citizenship can be ignored for diversity purposes. Defendants have presented no binding authority requiring the Court to find otherwise.

Accordingly, this Court does not have jurisdiction over this case under 28 U.S.C. § 1332, and the action is REMANDED to the San Diego County Superior Court.

## CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. This action is REMANDED sua sponte to the San Diego County Superior Court.
2. The Court DENIES Defendant's pending motion to dismiss as moot. ECF No. 2.

26-cv-3500-GPC-BJW

3. The Court ORDERS an extension of state court TRO currently in effect in this action until the issue can be appropriately addressed by the state court.

4. Plaintiff requests an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). ECF No. 5, at 7. The statute provides that, upon remand, a court "may" require payment of attorney fees incurred as a result of removal. However, given the genuine split of authority on the issue underlying this remand, the Court finds that Defendant did not "lack[] an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), and that any such award would be inappropriate. Accordingly, the Court DENIES the request.

IT IS SO ORDERED.

Dated: July 9, 2026

Hon. Gonzalo P. Curiel
United States District Judge

26-cv-3500-GPC-BJW